94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Beverly RODRIGUES and Gordon Rodrigues, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
 No. 94-16498.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1996.
Decided Aug. 14, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs Beverly and Gordon Rodrigues appeal the district court's grant of judgment on the pleadings in favor of defendant, State Farm Mutual Automobile Insurance Company. The Rodrigueses sought damages pursuant to State Farm's handling of their claim for underinsured motorist benefits. The district court granted partial judgment on the pleadings, concluding that the Rodrigueses failed to state a cause of action under two statutory theories of state law, or under a theory in tort. It then granted summary judgment as to all remaining claims. The Rodrigueses appeal only the grant of the judgment on the pleadings. We reverse and remand for further proceedings.
 
 
 3
 Beverly Rodrigues was injured in a car accident in 1990. She settled with the underinsured motorist who caused the accident for the liability limit of his policy. She and her husband then sought damages under the underinsured motor vehicle provision of their own State Farm policy, in the full amount of their underinsured coverage. A dispute ensued as to whether an insurer has a good-faith duty to attempt to settle claims brought by its insureds, prior to going to arbitration.
 
 
 4
 State Farm, relying on its arbitration clause, insisted that the Rodrigueses pursue formal arbitration prior to settlement of their claim. On October 18, 1993, the Rodrigueses filed this action against State Farm. The district court granted State Farm's motion for partial judgment on the pleadings as to Counts III (breach of duty of good faith and fair dealing); IV (unfair claims settlement in violation of Chapter 431 of Hawaii Revised Statutes); V (unfair and deceptive trade practices in violation of Chapter 480 of Hawaii Revised Statutes); and X (fraudulent inducement) of the Rodrigueses' complaint on May 15, 1994. (Hereinafter "bad faith claims"). On July 8, 1994, the district court decided the remainder of the Rodrigueses' claims (the "non-bad faith" claims) for State Farm and granted State Farm's summary judgment motion in its entirety. This timely appeal followed on August 16, 1994.
 
 
 5
 The Rodrigueses raise only the "bad faith" claims on appeal. They argue that the district court erred in concluding as a matter of law that Hawaii does not recognize a tort for bad faith in the insurance context; that Haw.Rev.Stat. § 431 does not authorize a private cause of action for unfair or deceptive claims settlement; and that Haw.Rev.Stat. § 480's unfair or deceptive trade practices provision is unavailable in the insurance context. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 6
 On June 5, 1996, while this appeal was pending in this court, the Hawaii Supreme Court issued its decision in The Best Place, Inc. v. Penn America Insurance Co. 1996 WL 295285 (Hawaii) (S.Ct. No. 16065 June 5, 1996), an interlocutory appeal addressing the question of whether Hawaii recognizes the tort of bad faith in the first-party-insurer context. The court held that "there is a legal duty, implied in a first- and third-party insurance contract, that the insurer must act in good faith in dealing with its insured, and a breach of that duty of good faith gives rise to an independent tort cause of action." Id. at * 12.
 
 
 7
 Based upon the ruling of the Hawaii Supreme Court holding that a tort of insurer bad faith exists in the State of Hawaii, we reverse the judgment on the pleadings and remand for further proceedings. Because the Rodrigueses have a cause of action for insurer bad faith in Hawaii, we need not reach their narrower statutory claims in this appeal.[1]
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note, however, that the Hawaiian Supreme Court in Best Place based its recognition of a tort of bad faith in the insurance context in part on the grounds that Haw.Rev.Stat. § 431 "does not authorize a private cause of action pursuant to its administrative remedies," id. at * 6, ( citing Genovia v. Jackson National Life Ins. Co., 795 F.Supp. 1036, 1044 (D.Haw.1992). While the court did not discuss insurer liability under section 480, it did hold that the existing statutory scheme does not provide insureds with an adequate remedy. Id. From this discussion, we derive the proposition that because neither statutory section affords sufficient protection to insureds, an action in tort is necessary. We thus decline to rule explicitly on the statutes in question, but hold that such a ruling is unnecessary given the more expansive protection offered by the broader tort remedy